IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00089-F-1
No. 5:13-CV-00731-F

| | |
|---|---|
| JAMES EARL STATON, JR.,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>) |

This matter is before the court on the following motions: (1) the Government's Motion to Dismiss [DE-51] James Earl Staton, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44, -49][1]; and (2) Staton's Amended Motion to Vacate [DE-66]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Staton's Amended Motion to Vacate is ALLOWED, and the Government's Motion to Dismiss and Staton's Motion to Vacate are DISMISSED.

In Staton's Amended Motion to Vacate, he argues that he is no longer an armed career criminal as a result of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Staton contends that his conviction for conspiracy to commit common law robbery no longer is a violent felony for purposes of 18 U.S.C. § 924(e)(2).

In its Notice and Response, the Government notifies the court of the Supreme Court's decisions in *Johnson*, 135 S. Ct. at 2551 (invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii)), and *Welch v. United States*, 136 S. Ct. 1257, 1268

---

[1] Staton's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-44], which was filed on October 15, 2013. At the court's direction, Staton filed a "conforming" motion [DE-49] on October 30, 2013.

(2016) (holding that *Johnson* applies retroactively to cases on collateral review). The Government acknowledges that it has previously conceded that the North Carolina offense of conspiracy to commit robbery with a dangerous weapon no longer qualifies as an Armed Career Criminal Act ("ACCA") violent felony in light of *Johnson*. *See United States v. Melvin*, 621 F. App'x 226 (4th Cir. 2015). Because the offense at issue in Staton's case is also based on conspiracy, the Government concedes that *Melvin* applies.

The Government concedes that based on *Johnson*, Staton is no longer eligible for sentencing enhancement under § 924(e)[2]. Staton lacks the necessary three predicate convictions to be sentenced as an armed career criminal under § 924(e). As a result, the Government waives reliance on any procedural defenses and asks the court to vacate Staton's sentence and hold a resentencing hearing.

In light of the foregoing, including the Government's concessions, Staton's Amended Motion to Vacate [DE-66] is ALLOWED. Staton's December 10, 2008 Judgment [DE-34] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement. The Government's Motion to Dismiss [DE-51] and Staton's Motion to Vacate [DE-44, -49] are DISMISSED.

SO ORDERED.

This, the 25 day of May, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[2] A defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

2

Case 5:08-cr-00089-F Document 73 Filed 05/25/16 Page 2 of 2